**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GEORGE NEAL WILLIAMS, #1002786,** )  <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DOUGLAS DRETKE, et al.,** ) <br> Defendant. ) | | **3:06-CV-0061-D** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Robertson Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Abilene, Texas. Defendants are Director Douglas Dretke, Officers Brazee, Thompson, and Green, and Sgt. Sabine. The Court did not issue process in this case, pending preliminary screening. On January 19, 2006, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on February 1, 2006.

Statement of Case: The complaint alleges that (1) Officer Green's action in denying Plaintiff a meal on August 18, 2005, was racially motivated (Grievance #2005223058, attached

to complaint), (2) Officer Thompson's action in charging Plaintiff with a disciplinary on October 26, 2005, for not presenting himself to work was improper and frivolous (Grievance #2006036609, attached to complaint), and (3) Officer Brazee and Sgt. Sabine's actions in denying Plaintiff medical care for a stomach virus and requiring that he work on December 12, 2005, and later writing him up for a disciplinary for not shaving was improvident and frivolous (Grievance # 2006065879, attached to Complaint). Plaintiff alleges that the above events establish that officers at the Robertson Unit persistently harass and impose cruel and unusual punishment on inmates. He seeks declaratory and injunctive relief. (Complaint at 4 and handwritten attachment).

Findings and Conclusions: 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), provides as follows:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably monetary damages, exhaustion is a prerequisite to suit. Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, defendants are entitled to judgment as a matter of law dismissing the prisoner's complaint, but the dismissal must be

without prejudice to refiling after exhausting his administrative remedies. Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998).

TDCJ currently provides a two-step procedure for presenting administrative grievances. Wendell, 162 F.3d at 891; see also Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004).[1]

In the civil rights complaint form, as well as in answer to the Magistrate Judge's questionnaire, Plaintiff concedes that he did not exhaust both steps of the grievance procedure before filing this suit. (See Complaint at 2 ¶ III, and Answer to Questions 1-3 of the Questionnaire). He apparently filed a step 1 grievance for each of his claims, but did not submit a step 2 grievance because in the past "step twos are seldomely [sic] returned, unless its [sic] 2 or more months later, & if returned, it does no good." (Complaint at 3 at ¶ III; see also Answer to Questions 1-3). Plaintiff does not raise any other excuse for failing to exhaust his available administrative remedies. Consequently, the complaint should be dismissed without prejudice for

---

[1] In Wendell, the Fifth Circuit described the two-step procedure as follows: Step 1 requires the prisoner to submit an administrative grievance at the institutional level. After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for step 1 of the process, which may be the warden, assistant warden, facility administrator, assistant facility administrator, or health administrator. Step 2 permits the prisoner to submit an appeal to the division grievance investigation with the Institutional Division of the Texas Department of Criminal Justice. After an investigation, the department grievance investigator prepare a report and makes a recommendation to the final decision maker for step 2 of the process, which is the director, deputy director, regional director or assistant director.
 The grievance procedures takes approximately 90 days to exhaust. Prisoners are allowed 15 calendar days to file a step 1 grievance. The response to the step 1 grievance is due within forty days after receipt of the grievance. The prisoner ten has 10 days to submit an appeal. The response to the step 2 grievance is due within forty days after receipt of the prisoner's appeal.
Wendell, 162 F.3d at 891 (citations omitted).

failure to exhaust administrative remedies.[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 11th day of May, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] In Johnson v. Johnson, 385 F.3d 503, 521 (5th Cir. 2004), the Fifth Circuit recently stated that "prisoners need not continue to file grievances about the same issue." Unlike Johnson, however, Plaintiff never even once fully exhausted his administrative remedies before filing this action – i.e., filed a step 1 grievance, which was followed by an appeal through the step 2 grievance process.

4