**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GEORGE NEAL WILLIAMS, #1002786,**       )<br>           Plaintiff,                                          )<br>                                                                  )<br>v.                                                                )           3:06-CV-0061-D<br>                                                                  )<br>**DOUGLAS DRETKE, et al.,**                      )<br>           Defendant.                                       )  | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on June 6, 2006, Plaintiff's June 5, 2006 pleading "To Show More Cause for Reinstatement" has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On May 31, 2006, the District Court adopted the findings, conclusions and recommendation of the undersigned Magistrate Judge over Plaintiff's objections and dismissed this case without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). The dismissal was premised on Plaintiff's own assertion that he had not filed step 2 grievances and, as a result, had failed to exhaust his administrative remedies.

In his pleadings filed on June 5, June 22, and July 10, 2006, Plaintiff seeks reinstatement of this action because he is in the process of exhausting the second step of the grievance procedure. The June 5, 2006 pleading alludes that Plaintiff recently received two of the step two grievances back. The June 22, 2006 pleading outlines the additional steps that Plaintiff has taken

to exhaust his administrative remedies. In the July 10, 2006 pleading, Plaintiff states that on June 28, 2006, he submitted yet another step 2 grievance.

The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit, rather than while the action is pending." Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." Id. at 891 (citing Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998)).

Plaintiff did not fully exhaust his administrative remedies, before filing the complaint in this case on January 9, 2006. His own allegations in the June and July 2006 filings concede that he only recently submitted step two grievances regarding the issues raised in the complaint. Under these circumstances, the Court cannot say that Plaintiff has properly exhausted his administrative remedies. See Woodford v. Ngo, ___ U.S. ___, 2006 WL 1698937, *5 (Jun. 22, 2006) (holding that the Prison Litigation Reform Act (PLRA) exhaustion requirement requires proper exhaustion of administrative remedies, namely "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).[1]

---

[1] The Supreme Court stated as follows:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits). . . ." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no

2

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's request for reinstatement of this action, submitted in his pleadings filed on June 6, June 22, and July 10, 2006, be denied.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 11th day of July, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

2006 WL 1698937, *5 (quoted case omitted) (emphasis in original).